UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE POND et al.,<br><br>            Plaintiff,<br>   v.<br><br>ELIZABETH ALLISON WOODS et al.,<br><br>            Defendant. | CASE NO. 3:22-cv-05849-DGE<br><br>ORDER DENYING JOINT MOTION TO APPOINT SETTLEMENT GUARDIAN AD LITEM (DKT. NO. 37) |

       This case arises from Defendants alleged civil rights violations related to the investigation, separation, and removal of children from their parents.  (Dkt. No. 1 at 1–5.)  Counsel for Plaintiffs and Defendants motion the Court to appoint attorney Beth. D. Lambert as a settlement guardian *ad litem* to investigate the reasonableness of a settlement and any distributions on behalf of minor Plaintiffs P.D., C.D., O.T., C.D.2, C.G., D.C.  (Dkt. No. 36.)

       The Parties represent Lambert has experience as a litigator and settlement guardian *ad litem* in personal injury litigation.  (Dkt. No. 37. at 3.)  Lambert's practice includes "litigation in civil cases as well as experience with trust and estate planning, trust administration, and

ORDER DENYING JOINT MOTION TO APPOINT SETTLEMENT GUARDIAN AD LITEM (DKT. NO. 37) - 1

proceedings with vulnerable individuals." (Dkt. No. 38 at 1.) However, a brief Google search reveals Lambert identifies her area of practice as including elder law, estate planning, probate and estate administration, guardianships services for fiduciaries, clients with diminished capacity, and settlement litigation and planning.[1] Regarding settlement litigation and planning services, Lambert appears to focus on settlement proceeds management and not on evaluating the reasonableness of minor claim settlement agreements.[2]

As the Parties note, this matter requires "thoughtful analysis of a nuanced, particularized area of the law." (Dkt. No. 37 at 3.) This matter involves complex questions of civil rights violations pursuant to 42 U.S.C. § 1983 and qualified immunity. The Parties' motion does not describe Lambert's experience in litigating civil rights violations, such that she would be able to offer the Court a meaningful analysis as to the viability of Plaintiff's claims and the adequacy of the settlement for each Plaintiff.

Accordingly, in its present form, the Parties' Joint Motion to Appoint Settlement Guardian Ad Litem is DENIED. The Parties may file a renewed motion to appoint a settlement guardian *ad litem* that provides more detailed information as to the qualifications of the proposed settlement guardian *ad litem*.

Dated this 8th day of August, 2025.

David G. Estudillo
United States District Judge

---

[1] *Beth D. Lambert*, Brothers Henderson Durkin, P.S., https://www.bhdlaw.com/staff/beth-davis-lambert (last visited Aug. 8, 2025).

[2] *Settlement and Litigation Planning*, Brothers Henderson Durkin, P.S., https://www.bhdlaw.com/services-for-professionals/settlement-and-litigation-planning (last visited Aug. 8, 2025)