UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE POND et al., | CASE NO. 3:22-cv-05849-DGE |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO SEAL (DKT. NO. 46) |
| v. | |
| ELIZABETH ALLISON WOODS et al., | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion to seal "documents pertaining to the settlement terms and conditions, including the report of the appointed Settlement Guardian Ad Litem, as well as the Petition to Approve Minor Settlement." (Dkt. No. 46 at 2.) Defendant takes no position on the motion. (Dkt. No. 50.)

"There is a strong presumption of public access to the court's files." Local Civil Rule 5(g). "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access

ORDER GRANTING PLAINTIFFS' MOTION TO SEAL (DKT. NO. 46) - 1

to judicial records is not absolute," there is a "strong presumption in favor of access." *Id.* "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

A motion to seal a document must include a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient. Local Civil Rule 5(g)(3)(B).

Here, Plaintiffs move to seal settlement documents pursuant to a "previously bargained for confidentiality" and "fear that disclosure of settlement information could endanger the settlement and give rise to subsequent, collateral disputes between the parties while also leading to unnecessary embarrassment and loss of reputation." (Dkt. No. 46 at 3.) Courts in this circuit have held settlement guardian ad litem reports and other documents relating to settlements

involving minors meet the compelling standard test. *See Allen v. Amazon.com Serv., LLC*, No. 2:24-cv-00195-LK, 2025 WL 2380622, at *3 (W.D. Wash. Aug. 15, 2025); *see also Pickett v. Liberty Mutual Insurance Co.*, No. 2:20-CV-0426-TOR, 2022 WL 838960, at *1 (E.D. Wash. Jan. 7, 2020).

The Court finds the minors have a legitimate privacy interest in information related to the settlement remaining confidential and that their interest could be harmed by others learning about the funds the minors may receive through this settlement or the harms the minors claim in this litigation. The Court further finds there are no less restrictive alternatives to sealing.

Accordingly, Plaintiffs' motion to seal (Dkt. No. 46) is GRANTED.

Dated this 5th day of December, 2025.

David G. Estudillo
United States District Judge